25-830
*Cornett v. Samuels*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GUIDO CALABRESI,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

DONNA CORNETT, Individually and as Parent and Natural Guardian of J.B.,

> *Plaintiff-Appellant,*

v.                                                          25-830

KAMAR H. SAMUELS, in his official capacity as Chancellor of the New York City Department of Education, NEW YORK CITY DEPARTMENT OF EDUCATION,

> *Defendants-Appellees.*<sup>*</sup>

---

*  The Clerk of Court is respectfully directed to amend the official case caption as set forth above.   Cornett originally filed her complaint against David C. Banks in his official capacity as Chancellor of the New York City Department of Education.   Kamar H. Samuels is the current Chancellor and is automatically substituted as a party under Federal Rule of Appellate Procedure 43(c)(2).

For Plaintiff-Appellant:          RORY J. BELLANTONI (David J. Markese, *on the brief*), Liberty & Freedom Legal Group, New York, NY.

For Defendants-Appellees:        D. ALAN ROSINUS, JR., Assistant Corporation Counsel (Richard Dearing, Devin Slack, *on the brief*), *on behalf of* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Garnett, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Donna Cornett ("Cornett") appeals from the March 6, 2025, judgment of the United States District Court for the Southern District of New York (Garnett, *J.*) granting summary judgment to the New York City Department of Education ("DOE") and its Chancellor. The district court concluded that, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, the DOE had offered a free and appropriate public education ("FAPE") to J.B., Cornett's disabled daughter, for the 2022–2023 school year, and that, accordingly, reimbursement for J.B.'s placement at private school iBRAIN during that year was not permissible under the Act.

As required by the IDEA, a Committee on Special Education developed an Individualized Educational Program ("IEP") for J.B., which detailed the academic programming and related services that the DOE would provide J.B. during the 2022–2023 school year to ensure she received a FAPE. The parents unilaterally rejected the IEP and instead enrolled J.B. at iBRAIN. After the parents filed a Due Process Complaint with the DOE, an Impartial Hearing Officer ("IHO") concluded that the IEP was adequate, but that the DOE had denied J.B. a FAPE due to concerns that the proposed public school placement could not implement the IEP as written. The IHO

nevertheless concluded that reimbursement of the full tuition and transportation costs of J.B.'s enrollment at iBRAIN was not justified because (1) the school was not an appropriate placement, and (2) J.B.'s attendance at iBRAIN in person only two days each week made public reimbursement inequitable. On appeal, a State Review Officer ("SRO") found that the proposed public school could implement the IEP. Cornett unsuccessfully sought reversal of the SRO's determination in district court, which concluded that Cornett had waived many of her challenges to the IEP, that the challenges failed on their merits, and that the IHO properly denied reimbursement. Cornett appealed. We affirm because Cornett has not shown any entitlement to reimbursement. We assume familiarity with the remaining facts, procedural history, and issues on appeal.

\* \* \*

"We review *de novo* the district court's grant of summary judgment in an IDEA case."[1] *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 184 (2d Cir. 2012) (citation omitted). Under the IDEA, parents who believe that the school district failed to offer the required FAPE can unilaterally place their child in another school. *See Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 526 (2d Cir. 2020) (citation omitted). Parents can obtain retroactive reimbursement for that private school's tuition and related services "if they satisfy a three-part test that has come to be

---

[1] Our review is hindered by Cornett's failure to file an adequate appendix. Plaintiff's counsel violated the rule that an appendix must contain "the relevant portions of the pleadings, charge, findings, or opinion" and "the judgment, order, or decision in question." FED. R. APP. P. 30(a)(1); *see id.* ("The appellant must prepare and file an appendix to the briefs containing . . . other parts of the record to which the parties wish to direct the court's attention."). The appendix only contains eight pages of the SRO's 20-page decision. The rest of the decision is nowhere to be found in the appendix. Nor is the IEP that is allegedly defective.

In addition, the DOE asserts that "Plaintiff did not consult with defendants as to the contents of the Appendix, as required." DOE Br. at 19 n.4; *see* FED. R. APP. P. 30(b)(1) (requiring the appellant to notify the appellee of what it includes in the record and allowing the appellee to "serve on the appellant a designation of additional parts to which it wishes to direct the court's attention").

3

known as the *Burlington-Carter* test." *Id.* (citation omitted). Reimbursement requires that (1) the proposed public school placement violated the IDEA, (2) the unilateral private school placement was appropriate, and (3) equitable factors favor reimbursement. *See id.* at 526–27 (citations omitted). "The parents bear the burden of showing that the private placement they selected was appropriate for the child and that the equities weigh in their favor." *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826, 836 (2d. Cir. 2014) (citation omitted).

Here, even assuming *arguendo* that the DOE denied J.B. a FAPE,[2] Cornett failed to carry her burden on the second and third *Burlington-Carter* factors. The IHO found that the parents did not show that iBRAIN was an appropriate placement, and we agree. The IHO noted J.B.'s lack of attendance and "the periodic absence of the individual nurse in school," which the IHO concluded was a likely cause of J.B.'s frequent absence from iBRAIN. App'x at 52–53. J.B. only attended iBRAIN twice a week, with services delivered via telehealth the other three days. Cornett argues that she could not have foreseen attendance issues when selecting iBRAIN for the 2022–23 school year. However, J.B.'s father testified that J.B.'s limited in-person attendance was tied to COVID-19 risks, medical concerns that may have been quite real but would hardly have been a surprise in 2022.

We also agree that equitable considerations do not justify reimbursement since J.B. did not regularly attend iBRAIN during the school year.[3] The DOE argues that there is no evidence that

---

[2] The DOE argues that Cornett abandoned any challenges to the adequacy of the IEP by failing to raise them in her appeal to the SRO or her answer to the DOE's cross-appeal to the SRO. We need not decide if Cornett can raise these challenges because her reimbursement claim fails regardless of whether the IEP was adequate.

[3] The district court erred in deferring to the IHO determination as to equitable considerations. We have held "that a district court reviewing a claim for reimbursement under the IDEA must independently evaluate the equities, without deferring to the state administrative agency's conclusion." *Ferreira v. Aviles-Ramos*, 120 F.4th 323, 327 (2d Cir. 2024). Independently weighing the equitable factors, however, we conclude

4

"iBRAIN would or could require the parent to actually pay the tuition when iBRAIN itself evidently failed to uphold its end of bargain to provide a 1:1 nurse." DOE Br. at 31. In any event, we conclude that it would be inequitable to grant Cornett's request for reimbursement of hundreds of thousands of dollars (including for transportation that did not occur) when J.B. did not attend iBRAIN most of the week.

*    *    *

We have considered Cornett's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

that the equities weigh against full reimbursement.